LUTHER PERKINS *vs.* CYRUS L. ALDRICH.

Androscoggin.    Opinion January 28, 1885.

*Deeds.    Construction.*

When a deed of land excepts a building standing upon it, "and one rod of land equal distance around it," the exterior lines of the lot reserved are to correspond in outline with the lines of the building; and if the building is rectangular in form, the lot of land reserved must be rectangular in form, although small portions of the land at the extreme corners of the lot may be more than a rod distant from the building.

ON EXCEPTIONS.

Trespass *quare clausum,* in which the only issue considered by the court was as to the construction of the words of reservation recited in the opinion which were contained in a deed from the defendant to the plaintiff, dated October, 6, 1870. The plea was the general issue. At the trial the court ordered a nonsuit and to this ruling the plaintiff alleged exceptions.

*George C. and Charles E. Wing,* for the plaintiff.

We respectfully submit that the order of nonsuit was erroneous because the defendant could not justify the trespass under the deed without pleading it specially. This position we believe to be in accordance with legal usage, and the laws of pleading as established and lived up to from time immemorial, and one that cannot be overlooked or winked out of sight. We believe our position here to be such as not to require any further discussion of the case or consideration as to the other point as to the construction of the deed in the case, but inasmuch as the deed is very novel in form we make the following suggestion to the court touching its construction. Was the piece reserved rectangular or circular. If rectangular it would require more area to satisfy

its call than if circular, and if more land were taken, then a greater hardship would be imposed upon the grantee by such a construction, and to this point we cite : *Adams* v. *Frothingham,* 3 Mass. 361 ; *Johnson* v. *Jordan,* 2 Met. 240 ; *Saltonstall et als.* v. *Proprietors of Long Wharf,* 7 Cush. 201.

*Savage and Oaks,* for the defendant.

WALTON, J.   A grant of land contained this exception :

" *Excepting the Free Chapel and one rod of land equal distance around it.* "

The only question is in relation to the exterior lines of the land excepted.   The plaintiff claims that the corners of the lot must be rounded, so that no portion of the land reserved shall be more than one rod distant from the chapel.   The defendant contends that the language of the deed, when applied to the subject matter of the exception, and fairly interpreted, according to the manifest intention of the parties, reserved a piece of land in form like the chapel; that is, bounded on its four sides by straight lines, and having angles at its corners corresponding to the angles of the building ; and the judge presiding at the trial so ruled.   We think the ruling was correct.   Of course a building lot with rounded corners may be reserved or conveyed.   But such lots are not common.   And when, as in this case, the lines are to be run at a certain distance from a rectangular building, like an ordinary church or school house, and there is nothing in the deed or the situation of the land to indicate the contrary, we think it is fair to presume that the parties intended that the exterior lines should be run so as to correspond with the lines of the building, although by so doing small portions of land in the angles at the extreme corners of the lot may be more than the distance named from the building.   We can not resist the conviction that such was the intention of the parties in this case.

*Exceptions overruled.   Nonsuit confirmed.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.